**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | **CRIMINAL NO. 4:19-CR-224-SDJ-CAN-1** |
| **v.** | § | |
| | § | |
| **LADARIOUS BROWN (1)** | § | |
| | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the Government's request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on April 10, 2023, to determine whether Defendant violated his supervised release. Defendant was represented by Michelle Allen-McCoy. The Government was represented by Assistant United States Attorney Stevan Buys.

On September 15, 2020, United States District Sean D. Jordan sentenced Defendant to a term of thirty-seven (37) months imprisonment followed by three (3) years of supervised release.[1] *See* Dkts. 46, 47. On January 21, 2022, Defendant completed his term of imprisonment and began serving the term of supervision. *See* Dkts. 49, 81.

On August 26, 2022, the U.S. Probation Officer filed the Petition for Warrant or Summons for Offender under Supervision (the "Petition") (Dkt. 49). On February 20, 2023, the U.S. Probation Officer filed the First Amended Petition for Warrant or Summons for Offender under Supervision (the "Amended Petition") (Dkt. 81) to include Defendant's conviction of Unlawful Restraint in Smith County, Texas on February 14, 2023 in allegation 1. *See id.* On February 21,

---

[1] Defendant was sentenced to be imprisoned for a total term of thirty-seven (37) months. *See* Dkt. 47 at 2. The sentence was adjusted by eighteen (18) months "for a remaining term of 19 months." *Id.*

2023, U.S. District Court Judge Sean D. Jordan ordered the Petition include Defendant's conviction of Unlawful Restraint in Smith County, Texas on February 14, 2023 in allegation 1. *See* Dkt. 82. The Amended Petition asserts Defendant violated the following condition of supervision: (1) Defendant must not commit another federal, state or local crime. *See* Dkt. 81.

The Petition asserts Defendant violated the foregoing conditions as follows:

- On or about September 13, 2022, Defendant was charged in Smith County, Texas for allegedly committing the offense of Aggravated Assault with a deadly weapon. On February 14, 2023, Defendant was convicted of Unlawful Restraint, a misdemeanor, in Smith County, Texas, and sentenced to 180 days in jail. The Aggravated Assault with a deadly weapon charge was dismissed.

On April 10, 2023, the Court conducted a final revocation hearing on the Amended Petition. *See* Minute Entry for April 10, 2023. Defendant entered a plea of true to allegation one, consented to revocation of his supervised release, and waived his right to object to the proposed findings and recommendations of the United States Magistrate Judge. *See id.*; Dkt. 84. Defendant entered a plea of true to allegation 1 only as the portion of the allegation which states: "On February 14, 2023, [Defendant] was convicted of Unlawful Restraint, a misdemeanor, in Smith County, Texas, and sentenced to 180 days in jail. The Aggravated Assault with a deadly weapon charge was dismissed," Dkt. 81. *See* Minute Entry for April 10, 2023. Pursuant to the agreement with Defendant, the Government moved to withdraw the first portion of allegation 1, which states: "On or about September 13, 2022, Defendant was charged in Smith County, Texas for allegedly committing the offense of Aggravated Assault with a deadly weapon," Dkt. 81, which the Court granted. *See* Minute Entry for April 10, 2023. The Court finds that Defendant violated the terms of his supervised release, and thus, his supervised release should be revoked.

## <u>RECOMMENDATION</u>

Pursuant to the Sentencing Reform Act of 1984, and having considered the arguments presented at the April 10, 2023 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of four (4) months to be served consecutively with his state court sentence for the underlying offense, with a term of eighteen (18) months supervised release to follow. The Court further recommends the term of supervised release be under the same conditions previously imposed with the additional condition that Defendant serve the initial six (6) months of supervised release in a Residential Reentry Management Office ("RRM") facility.

**So ORDERED and SIGNED this 11th day of April, 2023.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE